B1040 (FORM 1040) (12/15)

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS** | **DEFENDANTS** |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED) ||

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought ||

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||||
|---|---|---|---|---|
| NAME OF DEBTOR |||  BANKRUPTCY CASE NO. ||
| DISTRICT IN WHICH CASE IS PENDING ||| DIVISION OFFICE | NAME OF JUDGE |
| RELATED ADVERSARY PROCEEDING (IF ANY) |||||
| PLAINTIFF || DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING ||| DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) |||||
| DATE<br><br>October 2, 2023 |||| PRINT NAME OF ATTORNEY (OR PLAINTIFF) |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re:   AHMAD RAEF KAFARANI dba AK ARCHITECTURE, | ) ) ) | Chapter 7 |
| | ) | Case No. 23-32424 |
| Debtor, | ) ) ) ) | |
| AMERICAN EXPRESS NATIONAL BANK, | ) ) ) | Adv. Proc. No. |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| AHMAD RAEF KAFARANI dba AK ARCHITECTURE, | ) ) ) ) | |
| Defendant. | ) ) | |

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

1. Plaintiff, American Express National Bank ("American Express"), by and through its counsel, hereby represents as follows:

2. The Court has jurisdiction to hear this Complaint pursuant to 28 U.S.C. 157(a), (b)(1), (b)(2)(I) (core proceeding), 1334(b) and 11 U.S.C. 523(c).

3. In accordance with Fed. R. Bankr. P. 7008, American Express consents to the entry of final orders and judgments by this Court.

4. On June 30, 2023, the Defendant, Ahmad Raef Kafarani dba AK Architecture ("Defendant") filed a Chapter 7 petition, commencing the above case.

5. American Express is the holder of a claim against the Defendant arising from card account number xxxx-xxxxxx-x1004 ("the Account").

6. The Account was opened by the Defendant on or about December 2, 2021.

7. The balance of the Account as of the date of filing the Chapter 7 petition was $21,588.46.

8. The terms and conditions of the Account Agreement between the Defendant and American Express calls for the payment of reasonable costs, including attorneys' fees, expended by American Express in the collection of the Account, which is hereby requested in the following causes.

## **FIRST COUNT**

9. Paragraphs 1 through 8 are hereby repeated and incorporated as if fully set forth herein.

10. Between April 15, 2023 and June 9, 2023, the Defendant incurred thirty-three (33) transactions totaling $18,116.44 for the purchase of goods and services on the Account.

11. Of the charges referenced in Paragraph 10, one (1) charge in the amount of $12,850.00 was incurred at AMERICAN CUSTOM JEEP in Houston, TX.

12. Of the charges referenced in Paragraph 10, one (1) charge in the amount of $1,580.05 was incurred at AVIS CENTRAL BEIRUT INTL APT.

13. Of the charges referenced in Paragraph 10, one (1) charge in the amount of $848.26 was incurred at HOLTS TOBACCO PRODUCTS in PA.

14. The card activity at issue represents a sudden change in the Defendant's spending habits and is inconsistent with previous use of the Account.

15. The Account had a prior balance of $3,359.49, which was paid down to $3,159.49.

16. The Defendant did not submit any payments toward the charges at issue.

17. The Account was credited $380.37.

18. Payments and credits are applied in accordance with the terms and conditions of the Account Agreement between American Express and the Defendant for the Account.

19. The terms and conditions of the Account Agreement between the Defendant and American Express call for full payment of the charges due on the Account upon receipt of the monthly billing statement, with the exception of the Pay Over Time portion on the Account, which requires a minimum payment.

20. Attached hereto as Exhibit "A" is the relevant portion of the account statements for the Account which reflect the charge activity alleged in this Complaint.

21. By using the Account, the Defendant agreed to be bound by the terms and conditions of the Account Agreement.

22. Each time the Defendant made a charge on the Account, he represented to American Express that he had the intent to repay the debt in accordance with the terms and conditions of the Account Agreement.

23. According to Schedule F of the Debtor's bankruptcy petition, he has $393,539.00 in unsecured, non-priority debt, approximately $194,667.00 of which appears to be credit/charge card and/or line of credit debt.

24. According to Schedule I of the Debtor's bankruptcy petition he has a monthly net income of $3,000.00.

25. According to Schedule J of the Debtor's bankruptcy petition, he has monthly expenses totaling $3,062.73; this figure does not include payment on any credit/charge card debt.

26. American Express asserts that, at the time the Defendant incurred the charges on the Account, the Defendant's monthly expenses exceeded his monthly income by $62.73 and therefore, subjectively, the Defendant did not intend to honor his obligation to American Express to satisfy Account.

27. The Defendant has a certain level of financial sophistication as evidenced by the fact that owns property, pays for health insurance, household bills, and has maintained and used multiple credit/charge card accounts.

28. The Defendant used the Account for multiple charges on seven (7) separate days.

29. The Defendant obtained the goods and services charged on the Account through representations which he either knew to be false or were made with such reckless disregard for the truth as to constitute willful misrepresentations.

30. The Defendant made the misrepresentations with the intention and purpose of deceiving American Express so that American Express would extend credit that would enable him to charge goods and services on the Account.

31. At the time of posting the above-referenced charges to the Account, the Defendant was a cardmember in good standing with American Express, such that, American Express justifiably relied on the Defendant's misrepresentations as to his intent to repay.

32. As the proximate result of extending credit based on the Defendant's misrepresentations, American Express has sustained loss and damage in the amount of $17,736.07 on the Account.

33. A portion of the balance on the Account in the amount of $17,736.07 was incurred by the Defendant with knowledge of his inability to repay it.

34. A portion of the balance on the Account in the amount of $17,736.07 was incurred by the Defendant without the intent to repay it.

35. A portion of the balance on the Account in the amount of $17,736.07 was obtained through false pretenses, a false representation, or actual fraud by the Defendant.

36. For the reasons above, a portion of the balance on the Account in the amount of $17,736.07 is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

37. For the reasons above, a portion of the balance on the Account in the amount of $17,736.07 is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(C).

WHEREFORE, Plaintiff, American Express National Bank, prays this Honorable Court for a nondischargeable judgment pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(2)(C) against Defendant, Ahmad Raef Kafarani dba AK Architecture, in the amount of $17,736.07, plus reasonable attorneys' fees and costs, and for any such further relief as the Court may deem appropriate.

Respectfully submitted,

Attorneys for Plaintiff

Dated:  October 2, 2023          By: */s/ Brendetta Anthony Scott*
                                     Brendetta Anthony Scott  TX Bar #24012219
                                     The Anthony Scott Law Firm PLLC
                                     2500 Tanglewilde St., Suite 274
                                     Houston, TX 77063
                                     Telephone: (713) 401-3447
                                     Facsimile: (713) 583-0646
                                     Email: brendetta@anthonyscottlaw.com